10-312-cv
*Coleman v. Orgel,*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand ten.

PRESENT:    RALPH K. WINTER
            DEBRA ANN LIVINGSTON
            GERARD E. LYNCH
                        *Circuit Judges*,

_____

SECURITIES AND EXCHANGE COMMISSION,
            *Plaintiff-Appellee*,

STEVEN BYERS, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST SECURITIES, LLC, AXELA HOSPITALITY, LLC, ELKA SHERESHEVSKY, SHELDON LIEBB, JOSEPH SHERESHEVSKY,
            *Defendants*,

TIMOTHY J. COLEMAN,
            *Receiver-Appellee*,

    -v.-                                No. 10-312-cv

VIVIAN ORGEL,
            *Appellant*,

BROADWAY BANK,
            *Non-Party-Appellant*.

_____

VIVIAN ORGEL, *pro se*, Nofolk, Virginia.

TIMOTHY J. COLEMAN, Freshfields Deringer Bruckhaus US LLP, Washington, DC (John K. Warren, Freshfields Deringer Bruckhaus US LLP, Washington, DC, and Mark S. Radke, Arent Fox LLP, Washington, DC, *on the brief*), *for Receiver-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Vivian Orgel ("Orgel"), *pro se*, appeals from an order of the United States District Court for the Southern District of New York (Chin, *J.*), entered after the district court denied Orgel's request for it to modify its previous order approving Receiver Timothy J. Coleman's plan of distribution of receivership assets (the "Distribution Plan"). This case arises out of the placement into receivership, after discovery of a large Ponzi scheme, of the assets of several Wextrust companies and affiliated entities. On appeal, Orgel asserts that the district court erred in refusing to employ a "last in, first out" tracing analysis to permit her to recover her full investment in a fund managed by one of the Wextrust entities, and by instead including her in the *pro rata* distribution proposed by the Receiver and approved by the court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under 28 U.S.C. § 1292(a)(1), this Court has jurisdiction over "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." Thus, the district court's original order approving the Distribution Plan, which modified its injunction freezing receivership assets, was appealable, as was its subsequent order resolving remaining disputes, in which it declined to further modify the injunction. Because Orgel filed her notice of appeal on December 15, 2009, however, more than

60 days after the district court issued its July 2009 order approving the Distribution Plan, this Court limits its review to the district court's subsequent decision not to modify the Plan. *See* Fed. R. App. P. 4(a)(1)(b). We review a district court's decision relating to the choice of distribution plan for a receivership estate for abuse of discretion. *See SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80, 87 (2d Cir. 2002). A district court necessarily abuses its discretion when its decision rests on an "error of law . . . or a clearly erroneous finding of fact." *See MONY Grp., Inc. v. Highfields Capital Mgmt., L.P.*, 368 F.3d 138, 143-44 (2d Cir. 2004) (internal quotation marks omitted).

District courts have broad authority to craft remedies for securities violations. *See Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 81 (2d Cir. 2006). This includes the authority to approve a distribution plan proposed by a federal receiver. *See Credit Bancorp*, 290 F.3d at 82-83. In *Credit Bancorp*, this Court held that a *pro rata* distribution plan is appropriate where (1) the funds of the defrauded investors have been commingled, and (2) the victims are similarly situated with respect to their relationship to the defrauders. *Id.* at 88-89. The Court further noted that the "use of a *pro rata* distribution has been deemed especially appropriate for fraud victims of a Ponzi scheme." *Id.* at 89 (internal quotation marks omitted). Moreover, this Court has upheld the district court's broad equitable authority to order a *pro rata* distribution even where some funds are traceable to specific claimants, noting that "whether at any given moment a particular customer's assets are traceable is 'a result of the merely fortuitous fact that the defrauders spent the money of the other victims first.'" *Id.* at 89 (quoting *United States v. Durham*, 86 F.3d 70, 72 (5th Cir. 1996)). Here, accordingly, we find no abuse of discretion in the district court's well-reasoned finding that a *pro rata* distribution was the most equitable remedy for the fraud at issue. Nor is there any merit to Orgel's assertion that the district court previously granted an exception to

3

the Distribution Plan similar to the one she urges here.  The "exception" to which Orgel refers was nothing more than the district court's extension of several claims deadlines that had expired or were nearing expiration.  *See SEC v. Byers*, 637 F. Supp. 2d. 166, 184-85 (S.D.N.Y. 2009) ("For the foregoing reasons, the Receiver's Plan is approved, with the exception that the schedule is modified as set forth above.").

Finally, the foregoing analysis is not altered by Orgel's suggestion at oral argument, based on evidentiary material not submitted to the district court, that the bank may have placed an internal hold on the account into which her check was deposited before the check cleared.  Without attempting to draw a precise line as to when funds given to the perpetrator of a fraud come under his control, it is sufficient to note that the district court was well within its discretion in concluding that a check that was deposited by the recipient and credited to his account well before the district court ordered the account frozen was properly regarded as part of the receivership estate and subject to *pro rata* distribution.  Accordingly, we find that the district court did not abuse its discretion when it declined to modify the Distribution Plan based on the fact that Orgel was the last investor in the ATM II, LLC account.

We are sympathetic to Orgel's plight as a fraud victim, and to her keen feeling that, since her money was invested in the fraudulent scheme shortly before its termination, she should be distinguished from other victims and should receive her money back in full.  Once it is understood, however, that a *pro rata* distribution plan is the most appropriate response to a Ponzi scheme of this kind, it follows that some investor-victims will receive less compensation than they might have under some versions of tracing schemes.  And wherever the line is drawn as to those who are included within the distribution plan, some victim will always be the last one in, and the best able

4

to claim disadvantage. That is not a reason, however, to reject the district court's entirely reasonable decision to adopt a *pro rata* distribution plan, and to include Orgel in it.

We have considered all of Orgel's remaining arguments and find them to be without merit.

For the foregoing reasons, the district court's decision is **AFFIRMED**.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>